DIXIE ROAD BUILDERS, INC., v. MORTIMER C. GRYZMISH, et al.

178 So. 411.

Opinion Filed January 22, 1938.

*Gramling & Gramling* and *Troy C. Davis,* for Appellant; *G. A. Worley* and *Joseph Otto,* for Appellees.

PER CURIAM.—The appeal herein is from a decree dismissing a bill of complaint brought by the Dixie Road Builders, Inc. The prayer of the bill of complaint seeks discovery, accounting, adjudication of liens upon lands to which title by master's deed is in Mortimer Gryzmish, and the proceeds of sales of the lands for the payment of a judgment.

It appears by the allegations of the bill of complaint that prior to and after May 25, 1928, the Normandy Beach Properties Corporation owned described real estate, subject to a mortgage recorded August 29, 1927, held by Mortimer C. Gryzmish, one of the owners of the corporate stock of the corporation owner of the lands, that on May 25, 1928, the Normandy Beach Properties Corporation entered into a contract with the Waldeck-Deal Dredging Company, a corporation for dredging and filling in parts of the land; that $3500.00 was paid on the contract and a balance due of $3700.00 was agreed to be paid thereafter in two equal payments, in February and August, 1929; that after the completion of said work and before payment in full, the dredging company was adjudged a bankrupt and the plaintiff purchased at the bankrupt sale the unsatisfied contract, the bill of sale being dated March 9, 1931; that on February 18, 1931, a master's deed upon the mortgage foreclosure conveyed the mortgaged property to Mortimer C. Gryzmish, the mortgagee; that on March 23, 1932, the

plaintiff herein obtained a judgment against the Normandy Beach Properties Corporation for an amount found to be due on the dredging contract bought by the plaintiff here, at the bankrupt sale; that an execution issued on the judgment was returned *nulla bona.*

This creditor's bill was filed September 4, 1924, seeking to have the said lands now owned by Mortimer C. Gryzmish and proceeds of sales of the lands, subjected to the payment of the judgment obtained against the Normandy Beach Properties Corporation upon allegations designed to show that the Normandy Beach Properties Corporation was organized and owned by Mortimer C. Gryzmish and his brother; that the mortgage given to Mortimer C. Gryzmish was without valid consideration and was given for the purpose of protecting the real estate from the lien of any judgment against the mortgagor corporation, and to enable said corporation "to clear its title to the real estate from any and all other claims or liens which might arise at any time and attach against the said real estate."

The motion to dismiss was for want of equity, laches, etc.

The mortgage to Mortimer C. Gryzmish covering the lands was of record when the contract with the Normandy Beach Properties Corporation to dredge and fill in the lands for the owner corporation was executed. This being so, the contract to dredge was subordinate to the mortgage in so far as the dredging contractor or its successor in right could obtain a judgment on the contract to subject the land through execution sale. The dredging contract was made with constructive notice of the recorded mortgage and the validity of the mortgage was not challenged. The dredging contract gave no direct interest in the lands to be drained or in the foreclosure of the mortgage on the lands.

The plaintiff herein has no better right than its predecessor in interest, the drdeging contractor, had. No statutory lien was acquired. Plaintiff's judgment on the contract was rendered March 23, 1932, and this bill of complaint was filed September 4, 1936. This indicates laches even if the plaintiff had been entitled to the relief sought.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.